IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | | |
|---|---|---|
| JEFFREY S. CANTRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:08-01164 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED FINDINGS AND RECOMMENDATION

On October 8, 2008, Petitioner, acting *pro se* and incarcerated at FCI Beckley, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) For the reasons set forth below, the undersigned respectfully recommends that Petitioner's Application be construed as a Motion under 28 U.S.C. § 2255 and as such dismissed as filed beyond the one year period of limitations specified at 28 U.S.C. § 2255(f).

FACT AND PROCEDURE

Petitioner was charged by Indictment filed on March 8, 2006, in the United States District Court for the Eastern District of Kentucky with one count of conspiring in violation of 21 U.S.C. § 846 to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. § 841 (Count

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

One), one count of knowingly possessing with the intent to distribute a mixture or substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count Two), and one count of knowingly and intentionally manufacturing marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1) (Count Three). United States v. Cantrell, Criminal No. 2:06-00013 (E.D.Ky. Oct. 30, 2006), Document No. 1. On July 26, 2006, Petitioner pled guilty to Count One of the Indictment. Id., Document No. 21. Petitioner was sentenced on October 30, 2006, to a 96 month term of imprisonment and a five year term of supervised release. Id., Document No. 31. Petitioner did not appeal his sentence or conviction.

Petitioner filed the instant Petition on October 8, 2008. (Document No. 1.) As grounds for *habeas* relief, Petitioner alleges as follows: (1) "Multiple violations of Speedy Trial Act and 6th Amendment to U.S. Constitution;" (2) "Actual innocence of charge and breach of contract;" (3) "Legally impossible crime as 'sole' conspirator;" and (4) "Illegal stop and arrest on false charge as basis for warrant." (Id.) First, Petitioner asserts that his right to a speedy trial was violated by the following: (1)  the government's failure to indict within 30 days of Petitioner's arrest;[2] (2) the District Court's granting of a continuance;[3] (3) the re-arraignment of Petitioner; and (4) the failure to release Petitioner from incarceration at the expiration of 90 days. (Id., pp. 2 - 5.) Second, Petitioner alleges that the United States breached his plea agreement because there was a "verbal

---

[2] Petitioner alleges that he was arrested on February 14, 2006. Based on a review of the record, it appears that Petitioner was indicted on March 8, 2006, which was less than 30 days after his arrest. (Criminal Action No. 2:06-00013, Document No. 1.)

[3] On June 22, 2006, the United States filed a Motion to Continue based upon an anticipated plea in the case. (Criminal Action No. 2:06-00013, Document No. 17.) On June 23, 2006, the District Court granted the Motion to Continue. (*Id.*, Document No. 18.)

contract of 18 months in prison."[4] (Id., p. 6.) Third, Petitioner contends that he "is, and always has been, a 'sole conspirator' in this case, making his one charge, legally impossible, as a 'conspiracy,' by definition, is two or more persons conspiring to commit an illegal act." (Id., p. 5.) Petitioner complains that his Indictment improperly stated that Petitioner "conspired with 'others in the house,' without further explanation or ornamentation."[5] (Id.) Petitioner therefore argues that he is actually innocent because it is legally impossible for Petitioner to be a sole conspirator.[6] (Id., pp. 7 - 9.)

---

[4] The written plea agreement stated that "[t]he maximum statutory punishment is imprisonment for not less than 10 years, but not more than life." The plea provided that "[t]he United States and the Defendant recommend the following of the sentencing guidelines calculations, and they may object to other calculations." (Criminal Action No. 2:06-cr-00013, Document No. 21, ¶ 4.) Furthermore, the plea agreement stated that "[t]his document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant." (*Id.*, ¶ 12.)

[5] The Sixth Circuit has stated that "[a] defendant may be indicted and convicted despite the names of his co-conspirators remaining unknown, as long as the government presents evidence to establish an agreement between two or more persons, a prerequisite to obtaining a conspiracy conviction." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991). Furthermore, a co-conspirator's acquittal does not invalidate another co-conspirator's conviction. *United States v. Crayton*, 357 F.3d 560, 566 (6th Cir. 2004).

[6] In support of Petitioner's plea of guilty to conspiracy, the United States stated facts establishing the essential elements of the offense. (Criminal Action No. 2:06-cr-00013, Document No. 21, ¶ 2.) Defendant conceded to the facts set forth by the United States. (*Id.*) Specifically, the United States set forth the facts as follows:
   a.  That beginning in or about August of 2004, and continuing through on or about February 14, 2006, the Defendant conspired with others to knowingly and intentionally manufacture and distribute over 500 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

   b.  That in August of 2004, the Defendant moved from Greene County, Ohio, to a single family home in Independence, Kenton County, in the Eastern District of Kentucky. In this small house, the defendant established a methamphetamine laboratory from which he manufactured methamphetamine until his arrest on February 14, 2006.

   c.  Upon his arrest on February 14, 2006 in Green County, Ohio, the Defendant was

Finally, Petitioner argues that he was illegally stopped, without probable cause, and "[b]y claiming to have found a minuscule amount of a drug in the illegal search of the vehicle, they expanded their violations to Petitioner's home as well, and held him in jail until he plead guilty to a charge." (Id., p. 9.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re

---

found to be in possession of 3 grams of methamphetamine and $2,000.00. 3 grams of methamphetamine is a distribution quantity.

d.   A search of the defendant's house in Independence, Kentucky, revealed a methamphetamine laboratory with methamphetamine in various stages of production. Items related to the manufacture of methamphetamine in various stages of production. Items related to the manufacture of methamphetamine found at the time of the search included, but were not limited to, 9 propane cylinders, anhydrous ammonia liquid, acids, salts, filters, compressors, 2500 pseudoephedrine pills, and empty packaging for approximately 1,206 pseudoephedrine pills. Also present were 17 grams of methamphetamine. The house was equipped with an air handling system to control the toxic fumes created by the process of manufacturing methamphetamine.

e.   An analysis of the materials found present in Defendant's house at the time of the search warrant determined that approximately 22,512 grams of a material or substance containing methamphetamine was present.

f.   Subsequent to his arrest, the defendant admitted to manufacturing methamphetamine.

g. The defendant was provided the precursor materials for the manufacture of methamphetamine, specifically pseudoephedrine pills, by others. These individuals would bring the precursor materials to the Defendant at his home, where he would use the material in the manufacture of methamphetamine at his home. In return, the Defendant provided these other persons with finished produce (methamphetamine).

(*Id.*)

Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are

therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Eastern District of Kentucky. Specifically, Petitioner alleges that his sentence is unconstitutional because (1) the District Court violated the Speedy Trial Act, (2) Petitioner is actually innocent, (3) the United State's breached the plea agreement, and (4) Petitioner was subjected to an illegal stop and arrest. (Document No. 1.) Thus, Petitioner requests that the Court overturn his conviction and order his immediate release. (<u>Id.</u>, p. 11.) Therefore, in view of the nature of the claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Considering Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Eastern District of Kentucky. While a Section 2255 Motion filed in a Court other than the sentencing Court should be

transferred to the Court which sentenced the petitioner, Petitioner's Application in this case should be dismissed because his Application construed as a Section 2255 Motion is untimely under the one year limitation period of Section 2255(f).[7]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the

---

[7] Petitioner was sentenced on October 30, 2006, and his sentence became final ten days later when he did not file a Notice of Appeal (November 9, 2006). On October 8, 2008, approximately eleven months after the one year period expired, Petitioner filed the instant Petition raising issues challenging his sentence and conviction in Criminal No. 2:06-00013. Petitioner's Petition is therefore clearly untimely.

Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have thirteen (13) days from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

Date: April 17, 2009.

R. Clarke VanDervort
United States Magistrate Judge

8